IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JACK A. RATLEY, individually and on behalf of all others similarly situated | § § § § | |
| V. | § | CIVIL ACTION NO. G-12-247 |
| HARLEY MARINE SERVICES, INC. and HARLEY MARINE GULF, LLC. | § § § | |

## OPINION AND ORDER

Before the Court, by referral from the District Court, is the "Plaintiff's Motion for Notice to Potential Class Members." The Motion is opposed by the two named Defendants, Harley Marine Services, Inc. (HMS) and one of its subsidiary companies, Harley Marine Gulf, LLC (HMG). Having considered the Parties submissions, the Court now issues this Opinion and Order.

This is the sixth FLSA "overtime" case on this Court's docket filed by Plaintiff's counsel on behalf of vessel tankermen employed on barges operating in this area of the country; however, in this case, counsel's proposed class is far too ambitious. HMS is the parent company of HMG. According to HMS, HMG operates barges providing "Bunkering/Petroleum Transportation" in the Gulf Coast inland waters of Texas and Louisiana and along the Mississippi River. HMG, like the Defendants in the other five cases, employs certified tankermen aboard its barges. Having previously authorized the same Notice to Potential Class Members in those five cases that counsel seeks to have

authorized in the instant case, the Court sees no need to dwell, at length, on this aspect of the Plaintiff's Motion. The Motion, therefore, will be granted insofar as it seeks authorization to send Notice to vessel tankermen employed by HMG.

In additional to HMG, however, HMS has eight other subsidiaries, not currently named as Defendants, operating in distant areas of the United States and the Plaintiffs have moved the Court to authorize Notice to the vessel tankermen employed by those companies as well. This the Court will not do and its reasons as to each subsidiary will be briefly addressed.

1.   Harley Marine NY (HMNY), like HMG, performs "Bunker/Petroleum Transportation," but it serves the New York/New Jersey area and its employees are unionized under a Collective Bargaining Agreement (CBA) which expressly provides for overtime pay.

2.   Westoil Marine Services (Westoil) also performs "Bunkering/Petroleum Transportation," but it serves the Los Angeles/Long Beach, California, area and its employees, like those of HMNY, are unionized under a CBA which expressly provides for overtime pay.

3.  Millenium Marine, Inc. (MMI) merely provides tug boats to Westoil; according to HMS, it employs no vessel tankermen at all.

4.  Pacific Coast Maritime operates in Alaskan waters and, like MMI, it employs no tankermen.

5.  Pacific Terminal Services is an oil terminal operation in Portland, Oregon; it, too, has no tankermen employees.

6.  Public Service Marine performs "Petroleum Transportation," but it services the California coast.

7.  Olympic Tug & Barge performs, *inter alia*, "Bunkering/Petroleum Transportation," but it services the "Blue Waters" of the Seattle, Washington, and Portland, Oregon, areas.

8.  Finally, Starlight Marine Services performs, *inter alia*, "Bunkering/Petroleum Transportation," but it serves the San Francisco Bay Area of California and its employees, like those of HMNY and Westoil, are unionized under a CBA which expressly provides for overtime pay.

This Court suspects, without finding, that each of the non-unionized subsidiaries that could possibly be similar to HMG have some unique aspects of the duties of their respective vessel tankermen, but, regardless, this Court finds that to conditionally certify a class, or classes, of vessel tankermen, including those living and working along the entire west coast of the United States, and then attempt to administer the attendant litigation from Galveston, Texas, would be a relatively unwise and foolhardy task, and one this Court prefers to avoid. After all, there are competent, and much more convenient, federal courts available for such lawsuits in California, Oregon, Washington and, the Court suspects, Alaska as well.

It is, therefore, **ORDERED** that the "Plaintiffs' Motion for Notice to Potential Class Members" (Instrument no. 16) is **GRANTED in part**, but only insofar as it seeks authorization to send Notice to the vessel tankermen employed by the named Defendant, Harley Marine Gulf, LLC, within the past three years.

As far as the manner of Notice is concerned, the Court sees no need to vary from the Notice procedures it has previously authorized in the five earlier cases and those procedures are hereby **ADOPTED** and incorporated herein by reference. See G:11-cv-306, Figgs v. Kirby Corporation, et al., Document No. 30.

It is further **ORDERED** that Plaintiff's Motion (Instrument no. 16) to allow it to send Notice to the vessel tankermen, if any, of the additional subsidiaries of Defendant HMS is **DENIED**.

**DONE** at Galveston, Texas, this ___12th___ day of February, 2013.

John R. Froeschner
United States Magistrate Judge